UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN ROBINSON, | Case No. 3:23-CV-01611 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| OHIO STATE PATROL LONNIE BUTLER, et al., | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Martin Robinson, an Ohio prisoner incarcerated in the Toledo Correctional Institution, filed this action without a lawyer against 71 defendants, including prison staff, employees of the Ohio Department of Rehabilitation and Correction, Ohio Governor Mike DeWine, Ohio Attorney General Dave Yost, a federal district court judge and a federal magistrate judge from the Southern District of Ohio, and the Ohio Supreme Court. (ECF No. 1.) He alleges violations of his federal civil rights under 42 U.S.C. § 1983 for incidents that allegedly occurred during his previous incarcerations at London Correctional Institution, Warren Correctional Institution, and Madison Correctional Institution, as well as his current incarceration in Toledo. Plaintiff seeks injunctive and monetary relief.

For the following reasons, the Court finds that the claims concerning alleged misconduct at the London, Warren, and Madison Correctional Institutions should be severed and transferred to the United States District Court for the Southern District

of Ohio, where those institutions are located. Further, the Court dismisses Plaintiff's claims against V. Brown Legal Services; C/O H(aynes or aines); Captain D'Martino; Captain Marcus; Lt.. Severs; Lt. Weaver; Warden Robinson; Warden Harold May; IIS Jenkins; Nurse Gapen; the General Assembly; Jeffrey Noble; the State of Ohio; Governor DeWine; Attorney General Yost; Judge Morrison; Magistrate Judge Merz; the Ohio Civil Rights Commission; and the Ohio Supreme Court. This action shall proceed in this Court solely on claims concerning Plaintiff's confinement at the Toledo Correctional Institution.

## PROCEDURAL BACKGROUND

On February 17, 2021, Plaintiff filed a civil rights complaint in Northern District of Ohio against Defendants Lonnie Butler; ODRC; Annette Chambers; Stuart Hudson; [Unknown] Hahn; Sgt. Huffman; [Unknown] Harris; [Unknown] Householder; [Unknown] Patterson; [Unknown] Gaus; [Unknown] Ross; [Unknown] Portis; [Unknown] Miller; Chris Lambert Williams; John Does 1–9; [Unknown] Stout; [Unknown] Reed; and [Unknown] Conley. *See Robinson v. Butler, et al.*, No. 1:21CV382 (N.D. Ohio) ("*Robinson I*"). Plaintiff's complaint concerned the conditions of his confinement at London Correctional, Warren Correctional, and Madison Correctional. (*Robinson I*, ECF No. 1.)

Because none of the parties resided in this District and a substantial part of the events giving rise to Plaintiff's complaint in *Robinson I* occurred in the Southern District of Ohio, the Court determined that venue was proper in the Southern District, not the Northern District of Ohio, and ordered the Clerk to transfer

2

*Robinson I* to the Southern District. (*Id.*, ECF No. 2.) Ultimately, the Southern District of Ohio dismissed *Robinson I* for failure to prosecute, and the Sixth Circuit dismissed Plaintiff's appeal for failure to prosecute on different grounds. *See Robinson v. Butler*, No. 2:21-cv-774, 2022 WL 1487065, at *1 (S.D. Ohio May 11, 2022); *Robinson v. Butler*, No. 22-351, 2023 WL 3868660, at *1 (6th Cir. Apr. 4, 2023).

On August 17, 2023, Plaintiff filed this complaint ("*Robinson II*"), noting that this case might be a refiling of *Robinson I*. (*See* ECF No. 1-1.) Indeed, Plaintiff's allegations numbered one through sixteen in *Robinson I* are almost identical to the allegations numbered one through sixteen in *Robinson II*. (*Compare Robinson I*, ECF No. 1 *with Robinson II*, ECF No. 1.) However, Plaintiff's complaint in *Robinson II* includes additional allegations concerning his current incarceration at Toledo Correctional Institution. (ECF No. 1, PageID #10–14.)

## STATEMENT OF FACTS

Plaintiff alleges that he is a former corrections officer and a whistleblower who is being illegally imprisoned by his former employer. He claims that from the beginning of his incarceration in August 2019, Defendants have continuously retaliated against him in prison for his whistleblowing, and he alleges that Defendants' actions constitute cruel and unusual punishment, excessive force, unreasonable harassment, unusual torture, physical and mental abuse, a violation of his due process rights, and a failure to punish individuals guilty of crimes. (ECF No.1, PageID #2–3).

3

ANALYSIS

When a prisoner files a civil complaint seeking redress from a governmental entity, officer, or employee, Section 1915A directs the Court to review the complaint as soon as practicable. 28 U.S.C. 1915A(a). Based on this review, the Court finds it appropriate to dismiss certain uncognizable claims, to sever certain allegations and related parties and claims, to transfer misjoined claims, and to retain claims related to Plaintiff's treatment at the Toledo Correctional Institution.

## I. Failure to State a Claim

Section 1915A requires *sua sponte* dismissal of a prisoner's claims if the Court concludes that the complaint fails to state a claim on which it may grant relief or if the plaintiff seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915A(b); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by insubstantial claims).

### I.A. Pleading Standard

A complaint fails to state a claim on which a court may grant relief where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78. The factual allegations in the pleading must be sufficient to raise the

right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. These allegations must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Id.* at 678.

A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When reviewing a complaint, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015).

### I.B. *Pro Se* Litigants

The Court recognizes that *pro se* pleadings, those a litigant prepares without the assistance of counsel, are held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading" requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts

5

are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

### I.C. Plaintiff's Complaint

Here, Plaintiff names the following entities or individuals as Defendants in the caption of the complaint: V. Brown Legal Services; C/O H(aynes or aines); Captain D'Martino; Captain Marcus; Lt. Severs; Lt. Weaver; Warden Robinson; Warden Harold May; IIS Jenkins; Nurse Gapen; the General Assembly; Jeffrey Noble; the State of Ohio; Governor DeWine; Attorney General Yost; Judge Morrison; Magistrate Judge Merz; the Ohio Civil Rights Commission; and the Ohio Supreme Court.

But he fails to identify how these Defendants are personally involved in an alleged civil rights violation. It is a basic pleading requirement that a plaintiff attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett*, 528 F.3d a 437.

Where, as here, individuals (or entities) are named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the allegations against them are subject to dismissal even under the liberal construction afforded to *pro se* complaints. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or

6

responsible for each alleged violation of federal rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrections. Corp. of America*, 92 F. App'x 188, 190 (6th Cir. 2004).

Accordingly, Plaintiff fails to state a civil rights claim against V. Brown Legal Services; C/O H(aynes or aines); Captain D'Martino; Captain Marcus; Lt. Severs; Lt. Weaver; Warden Robinson; Warden Harold May; IIS Jenkins; Nurse Gapen; the General Assembly; Jeffrey Noble; the State of Ohio; Governor DeWine; Attorney General Yost; Judge Morrison; Magistrate Judge Merz; the Ohio Civil Rights Commission; and the Ohio Supreme Court; and the Court dismisses any claims against them in this complaint.

## II. Misjoinder and Severance

Following the dismissal of the 19 identified Defendants, 52 Defendants remain. Claims against separate Defendants can be properly heard together under Rule 20 where a "right to relief is asserted against [Defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, where the claims are not sufficiently related, the Court may sever any claim against a party. Fed. R. Civ. P. 21; s*ee also Johari v. Ginther, et al.*, No. 2:21-cv-4236, 2021 WL 4033163, at *1–2 (S.D. Ohio Sept. 3, 2021).

Plaintiff's complaint contains allegations of mistreatment from staff and management at four different correctional institutions, spanning at least four years.

Plaintiff fails to show any nexus between the parties or events alleged to have taken place at each of the facilities. Accordingly, the Court finds that the claims are not properly joined under Rule 20 and determines that the interests of justice favor severing the claims against the misjoined parties concerning allegations while at the institutions in the Southern District of Ohio—the London, Warren, and Madison Correctional Institutions—from those asserted against Defendants related to Plaintiff's incarceration in Toledo.

Next, the Court turns to the proper venue for resolution of those separate claims. "[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action." 28 U.S.C. § 1390(a). Section 1391 governs venue for all civil actions brought in federal court. That statute provides that a civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the State in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b).

Review of the complaint shows that the events giving rise to Plaintiff's claims concerning the London, Warren, and Madison Correctional Institutions occurred in the Southern District of Ohio. Therefore, the venue for these claims is proper in the Southern District of Ohio. 28 U.S.C. § 1391(b)(2).

District courts have authority to transfer or dismiss cases, *sua sponte*, where venue is improper. 28 U.S.C. § 1406(a). The choice between dismissal and transfer falls within the sound discretion of the district court. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). A court should transfer a case "if it be in the interest of justice." 28 U.S.C. § 1406(a).

Given the operative allegations, the fact that the Southern District previously considered Plaintiff's similar claims in *Robinson I*, and the fact that Plaintiff paid the filing fee in this case, the Court determines that justice favors transferring the claims relating to the London, Warren, and Madison Correctional Institutions to the Southern District of Ohio. Therefore, on consideration of the record as a whole, the Court exercises its discretion to transfer to the Southern District of Ohio claims against the following Defendants, as they pertain to Mr. Robinson's incarceration at the London, Warren, and Madison Correctional Institutions: Lonnie Butler; ODRC; Annette Chambers-Smith; Assistant Director Hudson, Chief Inspector Chris Lambert; C/O Hahn; C/O Huffman; C/O Householder; C/O John Does 1-9; Nurse Jane Does 1-3; Sgt. Harris; Captain Gaus; Lt. Jodi Ross; Capt. Portis; Lt. Miller; Case Mgr. Williams; Case Mgr. Stout; Sgt. Reed; Maj. Conley; C/O Meyers; C/O Erickson; Sgt. Gaul; Unit Mgr. Crosby; Unit Mgr. Daly; Capt. Venable; Lt. Bratenal; Warden T. Schweitzer; Deputy Warden C(K)raft; IIS Gould; IIS Bullock; IIS Chambelin; Dr. Saul; Dontelle Brown; and Correctional Institutional Inspection Committee.

**CONCLUSION**

For the foregoing reasons, and pursuant to 28 U.S.C. § 1915A, the Court **DISMISSES** claims against the following defendants: V. Brown Legal Services; C/O H(aynes or aines); Capt. D' Martino; Capt. Marcus; Lt. Severs; Lt. Weaver; Warden Robinson; Warden Harold May; IIS Jenkins; Nurse Gapen; the General Assembly; Jeffrey Noble; the State of Ohio; Governor DeWine; Attorney General Yost; Judge Morrison; Magistrate Judge Merz; the Ohio Civil Rights Commission; and the Supreme Court of Ohio.

Additionally, the Court severs Plaintiff's claims concerning the conditions of his confinement at London Correctional Institution, Warren Correctional Institution, and Madison Correctional Institution and directs the Clerk to **TRANSFER** those claims to the Southern District of Ohio.

This action shall proceed solely on Plaintiff's claims concerning the conditions of his confinement at Toledo Correctional Institution and against the following defendants: the Ohio Department of Rehabilitation and Correction (for claims concerning Toledo Correctional Institution); Annette Chambers-Smith (for claims concerning Toledo Correctional Institution); Chief Inspector Chris Lambert (for claims concerning Toledo Correctional Institution); Assistant Director Stuart Hudson (for claims concerning Toledo Correctional Institution); Major Brown; Warden K. Henderson; Deputy Warden Denman; Dr. Porter; Dr. De La Cruz; Ms. K; Regional Director E. Sheldon; and the American Correctional Institution.

Finally, one last procedural matter. Pursuant to Rule 4(c)(3), the Court construes Plaintiff's filing of summonses (ECF No. 7) as a request that a U.S. Marshal effect service. The Court **GRANTS** that request and **ORDERS** the U.S. Marshal to serve the Defendants listed in the preceding paragraph. In doing so, the Court notes that the summons Plaintiff provided are deficient. Therefore, the Court **DIRECTS** Plaintiff to provide two summonses and a U.S. Marshal form for *each* Defendant listed in the preceding paragraph, including Plaintiff's unredacted address. And the Court **ORDERS** Plaintiff to do so by March 2, 2024. Further, the Court **ORDERS** Plaintiff to send a notice of compliance, with an appropriate case caption for filing, with the completed forms. The Court directs the Clerk's office to mail sufficient summonses and U.S. Marshal forms to Plaintiff with a copy of this order.

**SO ORDERED.**

Dated: January 2, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

11