UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN ROBINSON, | Case No. 3:23-cv-1611 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| LONNIE BUTLER, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Martin Robinson made a one-page "[f]ormal criminal complaint" against the undersigned for "falsif[ying] at least one legal document" and "misusing 28 U.S.C. § 1915A" by not holding a hearing before discharging the Court's obligations under the statute. (ECF No. 11, PageID #94.) In response, the Court takes the following actions:

1.

To the extent Plaintiff seeks disqualification, the Court **DENIES** the request. As relevant here, federal law mandates disqualification in two circumstances: (1) "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a); or (2) "[w]here he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

Under Section 455(a), judges apply an objective standard to determine whether to recuse. In other words, the question is not whether a judge may preside impartially, but whether a reasonable person might question a judge's impartiality.

*United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted). This objectively reasonable person "is not a judge, because judges, keenly aware of the obligation to decide matters impartially, may regard asserted conflicts to be more innocuous than an outsider would." *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 578 F. Supp. 3d 1011, 1019 (E.D. Ark. 2022). At the same time, this well informed, thoughtful observer is not hypersensitive or unduly suspicious and has "knowledge of all the facts." *Adams*, 722 F.3d at 837; *In re Mason*, 916 F.2d at 386. Put simply, "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quotations omitted).

Regarding Section 455(b), a successful personal bias or prejudice challenge demands "such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 555 (1994). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" are not enough. *Id.* at 555–56. Nor are "'hostile' comments." *Parker*, 837 F. App'x at 347 (quoting *Liteky*, 510 U.S. at 555). "[C]laims of bias based on opinions formed during current or prior proceedings face an 'uphill battle.'" *Id.* at 346 (quoting *Burley*, 834 F.3d at 616).

Applying these standards, the record contains no grounds that support disqualification. In its Opinion and Order dated January 2, 2024 (ECF No. 8), the Court discharged its legal duties under federal law. Mr. Robinson might be dissatisfied with the Court's work, but the remedy is an appeal from a final

2

judgment—not disqualification. Indeed, grounds arising during litigation rarely provide a proper basis for disqualification in all but the most egregious cases, and the Court finds that this case does not present any extraordinary circumstance warranting such a step. An objective observer fully informed of the record and the facts of the case would not find disqualification warranted or appropriate.

Further, disqualification is not necessary out of an abundance of caution based on Mr. Robinson's complaint. Unwarranted disqualification comes at a cost. *Arkansas State Conf. NAACP*, 578 F. Supp. 3d at 1024. It allows litigants to "manipulat[e] the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (Breyer, J.). Fairness dictates that litigants live with the judge randomly assigned to hear their case, unless the law requires recusal. *Arkansas State Conf. NAACP*, 578 F. Supp. 3d at 1016. After all, litigants are not entitled to judges of their choosing. *In re Detroit*, 828 F.2d 1160, 1167 (6th Cir. 1987) (quotation omitted).

For all these reasons, the Court declines to disqualify, to the extent Mr. Robinson seeks it.

**2.**

Or perhaps Mr. Robinson thinks the Court's Opinion and Order is a Report and Recommendation under 28 U.S.C. § 636. After all, he requests an extension of time to object. But that Opinion and Order was not a Report and Recommendation. It was the considered ruling of a federal court. If Mr. Robinson believes it is erroneous, as already noted, he has a remedy through appeal in the ordinary course. Further,

3

all of his claims are proceeding at the moment, in this Court or in the Southern District of Ohio.

Because he does not have a lawyer, the Court construes Mr. Robinson's request for an extension to file objections as a motion for reconsideration. Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Under these standards, the Court sees no basis for reconsideration. Because Mr. Robinson's claims remain pending, no manifest injustice results from the ruling. Upon review of the record, the Court discerns no clear error of law. Although Mr. Robinson does not like the Court's ruling, that is not a basis for reconsideration.

4

In making this determination, the Court notes that it has discretion to decide whether to hold a hearing and how to manage its docket. Again, Mr. Robinson might not like how the Court did so, but the Court remains of the view that no hearing was necessary before issuing its ruling on January 2, 2024. If Mr. Robinson reasonably believes that grounds for reconsideration exist, he remains free to file an appropriate motion even though the record discloses no such basis on its face.

3.

To the extent Mr. Robinson seeks to pursue formal criminal charges, the United States Department of Justice holds the responsibility for doing so. Therefore, the Court **ORDERS** the Clerk to send a copy of the Plaintiff's formal complaint to the Attorney General of the United States in Washington, D.C. by certified mail, with a copy to the United States Attorney for the Northern District of Ohio, so that the Department of Justice can make its own evaluation and undertake whatever action it deems appropriate in response to Plaintiff's allegations.

4.

Finally, given the nature of Plaintiff's complaint, Mr. Robinson might be making (or want to make) a complaint of judicial misconduct. Such complaints are made to the Judicial Council of the Sixth Circuit. Mr. Robinson may make such a complaint himself. Information for doing so is located on the Sixth Circuit's website: https://www.ca6.uscourts.gov/judicial-complaints. Because Mr. Robinson does not have a lawyer, the Court **ORDERS** the Clerk to file his formal complaint with the Judicial Council of the Sixth Circuit as a complaint of judicial misconduct.

5

**SO ORDERED.**

Dated: February 16, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio