UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN ROBINSON, | ) | Case No. 3:23-cv-1611 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Jennifer Dowdell Armstrong |
| LONNIE BUTLER, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Plaintiff Martin Robinson filed a motion for appointment of counsel. The Court has exhausted its efforts to locate counsel willing to accept the representation on *pro bono* or other basis. Therefore, the Court **DENIES** the motion **WITHOUT PREJUDICE**. If the Court later locates counsel willing to undertake this representation, if counsel steps forward to do so, or if Mr. Robinson finds such a lawyer, the Court will revisit the issue.

Additionally, Mr. Robinson seeks a stay of this case due to a companion case. In *Robinson v. Henderson*, No. 3:23-cv-89 (N.D. Ohio), Mr. Robinson seeks a writ of habeas corpus challenging his conviction in State court. His motion for a stay fails to identify any basis for not proceeding in this case. In any event, this case brings civil claims regarding, among other things, alleged retaliation for blowing the whistle on certain practices and conditions of confinement, including claims of excessive use of force, harassment, and mental and emotional torture. Resolution of the constitutionality of Mr. Robinson's conviction in State court has little, if any, bearing

on his civil claims in this matter. Therefore, the Court declines to exercise its discretion to stay this proceeding.

Because Mr. Robinson paid the filing fee, that portion of his motion is moot.

Finally, Mr. Robinson complains that he does not have the ability to comply with the terms of the Court's prior Order of January 2, 2024 (ECF No. 8) regarding service of Defendants. To some degree, this problem—to the extent it is one—is one of Mr. Robinson's own making given the number of parties he has named as Defendants. Counsel for many, but not all, Defendants has appeared. Under federal law, Mr. Robinson must serve Defendants for the Court to have jurisdiction over them. Of course, counsel for any party may accept service for his or her client. The record gives no indication that there is a dispute about acceptance of service, so the Court declines to address the matter further. Also, the Court (again) declines to reconsider its prior ruling and directs Mr. Robinson to proceed to completion of service expeditiously. Pursuant to Rule 4(m), the Court sets May 22, 2024 as the deadline to serve the remaining Defendants.

**SO ORDERED.**

Dated: April 19, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio