# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARTIN ROBINSON, | Case No. 3:23-cv-1611 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| LONNIE BUTLER, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

On April 19, 2024, the Court issued an Opinion and Order addressing various outstanding motions and issues. (ECF No. 20.) Plaintiff objects to that ruling. As was the case in a prior Order (ECF No. 12, PageID #99–100), the ruling to which Plaintiff objects was not the report and recommendation of a magistrate judge under 28 U.S.C. § 636. Because he does not have a lawyer, the Court construes Mr. Robinson's objections as a motion for reconsideration. Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such

a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Under these standards, the Court sees no basis for reconsideration or other relief. If Mr. Robinson believes any aspect of the Court's ruling of April 19, 2024 is erroneous or an abuse of discretion, he has a remedy through appeal in the ordinary course.

As previously ordered (ECF No. 20, PageID #301), the Court set May 22, 2024 as the deadline for Mr. Robinson to serve any Defendant named in this action against whom he intends to proceed.

Finally, Mr. Robinson again seeks to initiate criminal proceedings against the undersigned. As the Court previously advised him (*see* ECF No. 12, PageID #101), the United States Department of Justice has responsibility for criminal charges. The Court previously served a copy of Mr. Robinson's prior "criminal complaint" on the Attorney General and the U.S. Attorney for the Northern District of Ohio. (ECF No. 12.) Mr. Robinson may communicate with them about criminal charges, but having done so once on his behalf the Court will not do so again.

**SO ORDERED.**

Dated: May 1, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio