**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN ROBINSON, | ) | Case No. 3:23-cv-01611 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| LONNIE BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Martin Robinson moves for contempt against Ohio Attorney General Andy Wilson, former Ohio Attorney General Dave Yost, Assistant Attorneys General Mindy Worly and D. Chadd McKitrick, Magistrate Judge Jennifer Dowdell Armstrong, and his originally named Defendants, most of whom are no longer parties to this action. (ECF No. 53.) In doing so, he alleges that "[t]he court has deliberately ignored" his previous motions and is "aiding and abetting" Defendants. (*Id.*, PageID #548–49.) Additionally, Plaintiff suggests that the officials he names "appear to violate their oath[s] of office" by failing to investigate his allegations, falsifying evidence against him, and exhibiting bias against him. (*Id.*)

"A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he [violated] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th

Cir. 1981)). In this Circuit, to determine whether a party should be held in civil contempt, a court considers whether the party "took all reasonable steps within [his] power to comply with the court's order," not whether the party acted in good faith. *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (citations omitted). Therefore, good faith is not a defense, but impossibility is. *Id.* The party to be held in contempt has the burden of proving impossibility. *Id.* Further, willfulness or intent to disobey are not required to hold a party in civil contempt. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). "A decision on a contempt petition is within the sound discretion of the trial court," and "the power 'to punish for contempts' should not be used lightly . . . ." *Electric Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 387 (6th Cir. 2003) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)). This discretion includes the power to frame sanctions so that they fit the violation in question. *Adcor Indus. v. Bevcorp, LLC*, 411 F. Supp. 2d 778, 794 (N.D. Ohio 2005) (citing *Electric Workers Pension Tr. Fund*, 340 F.3d at 385).

Plaintiff does not identify a court order that the named parties may have violated, and a review of the record does not suggest any. Instead, Plaintiff offers legal conclusions, unsupported factual assertions, and negative characterizations. On this basis alone, Plaintiff's motion fails as a matter of law. Additionally, the Court notes that all of Plaintiff's many and substantively repetitive motions received responses from the Magistrate Judge or the Court. For these reasons, the Court **DENIES** Plaintiff's motion. (ECF No. 53.)

**SO ORDERED.**

Dated: October 26, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio