**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN ROBINSON, | ) | Case No. 3:23-cv-01611 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| LONNIE BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Martin Robinson, proceeding without a lawyer, seeks reconsideration of the Court's ruling granting summary judgment in favor of the remaining Defendant he sued. As a threshold matter, under Section 9.M of its Civil Standing Order (available here on the Court's website), the Court limits any motion for reconsideration to two pages and will request briefing if it needs further explanation of the basis for the motion. Plaintiff did not comply with this requirement. The Court imposes this limitation to minimize the burden associated with re-litigating matters, particularly in light of the high standard for reconsideration. Plaintiff's motion does not comply with the Court's Standing Order. That failure suffices to deny the motion.

A court may alter or amend the judgment only where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F.

Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). And a district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Under this high standard, Plaintiff's motion lacks merit.

In his motion for reconsideration, Mr. Robinson writes, "the judge ordered the case dismissed and lied in his erroneous decision." (ECF No. 60, PageID #592.) He repeats this language later in his motion. Based on Mr. Robinson's inappropriate and contemptuous language, the Court exercises its discretion to decline to consider the motion further.

For the foregoing reasons, the Court **DENIES** Mr. Robinson's motion for reconsideration.

**SO ORDERED.**

Dated: November 23, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio